IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA SHIRLEY BROWNING, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CV-05-BE-2003-W |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Wal-Mart Stores East, LP (improperly identified in the Complaint as Wal-Mart Stores, Inc.) and pursuant to 28 U.S.C. §1441(a) and (b), gives notice of the removal of this action from the Circuit Court of Bibb County, Alabama, to the United Stated District Court for the Northern District of Alabama, Western Division. As grounds for said removal, Defendant states as follows:

## JURISDICTION

Removal jurisdiction based on diversity of citizenship is founded on the following:

1. This case, styled *Pamela Shirley Browning v. Wal-Mart Stores, Inc.* was filed on or about August 22, 2005, in the Circuit Court of Bibb County, Alabama, bearing Civil Action No.: CV 2005-129 on the docket of that Court. In Count I of Plaintiff's Complaint, she stated a claim for benefits under the Alabama Workers' Compensation Act[1]. In Count II, Plaintiff asserted a tort of outrage claim, and sought compensatory and punitive damages.

---

[1] Count I of Plaintiff's Complaint is due to be severed and remanded under 28 U.S.C. 1445(c), as addressed in Defendant's Motion to Sever and Remand that is filed contemporaneously herewith.

2. At the time of the commencement of this action, and at all times subsequent thereto, Plaintiff, Pamela Shirley Browning, was and remains a citizen of the State of Alabama.

3. Wal-Mart Stores, Inc. is not the proper Defendant in this action[2]. Defendant's proper name is Wal-Mart Stores East, LP. At the time of the commencement of this action, and at all times subsequent thereto, Wal-Mart Stores East, LP, has been a corporation organized and existing under the laws of the State of Delaware and has its principle place of business in Bentonville, Arkansas.

## TIMELINESS OF FILING

4. The Summons and Complaint were served on Defendant by certified mail on August 26, 2005. This removal is timely because it is filed within thirty (30) days after receipt by service of the Summons and Complaint on Defendant. See 28 U.S.C. § 1446(b).

## AMOUNT IN CONTROVERSY

5. In Count II of her Complaint, Plaintiff contends that Defendant "terminated Plaintiff's workers' compensation benefits. . . with reckless indifference to the knowledge that Plaintiff suffered significant injuries on or about June 14, 2005." (Complaint, ¶ 10). Plaintiff alleges that Defendant's conduct was "extreme and outrageous" and that it caused her to suffer severe emotional distress. (Complaint, ¶ 10). Plaintiff is seeking both compensatory and punitive damages as a result of Defendant's purported intentional

---

[2] See Defendant's Motion to Correct Named Party, filed contemporaneously herewith.

2

conduct. (Complaint). Plaintiff does not specify the amount of damages that she is seeking for her tort of outrage claim in her Complaint.

6. Where there is an unspecified claim for damages, a removing defendant is not required to prove that the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowes Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Where a plaintiff's damages claim is unspecified, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement." *Id.* The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Id.*

7. Defendant has satisfied the amount in controversy requirement in this action because other cases wherein a plaintiff has successfully asserted a tort of outrage claim have yielded verdicts in excess of the jurisdictional amount and an analysis of Alabama verdicts against out-of-state employers and insurers[3] shows that the average amount exceeds the jurisdictional prerequisite.

8. The Supreme Court of Alabama has affirmed a jury verdict on a tort of outrage claim only two times in the workers' compensation context since the tort was first recognized in 1980. *ITT Specialty Risk Services, Inc. v. Barr*, 842 So. 2d 638, 644 (Ala. 2002). **Importantly, both verdicts that were upheld well exceeded the $75,000.00 jurisdictional amount.** In *Continental Casualty Insurance Company v. McDonald*, 567 So.

---

[3] Defendant's status as a self-insured workers' compensation benefits provider and benefits administrator is sufficiently analogous to that of an insurance company that cases involving out of state insurance companies are pertinent on this amount-in-controversy issue.

3

2d 1208 (Ala. 1990), the jury returned a verdict against CNA in the amount of **$750,000.00** where the plaintiff alleged the tort of outrage in CNA's handling of his $12,000.00 workers' compensation claim. Similarly, in *Travelers Indemnity Company of Illinois v. Griner*, 809 So. 2d 808 (Ala. 2001), the jury returned a verdict against the employer's workers' compensation insurer and claims administrator on a tort of outrage claim for **$500,000.00**, which included both compensatory and punitive damages. These decisions demonstrate that, although the tort of outrage is extremely difficult to prove under Alabama law in the workers' compensation context, the verdicts can well exceed $75,000.00 if the plaintiff is successful in establishing liability.

9. When examining the evidence that a plaintiff's claim will more likely than not exceed $75,000.00, "the court must consider a claim for punitive damages unless it is apparent to a legal certainty that such cannot be recovered." *Lowes Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389. Other courts in this Circuit have held that "it is clear in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed the jurisdictional amount." *Davis v. The Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197, 1200 (M.D. Ala. 1999) (quoting *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995). Since both outrage and fraud claims are intentional torts, logic would dictate that a punitive damage award in an outrage claim may also very well exceed the jurisdictional amount.

10. In determining whether a plaintiff's claim will more likely than not exceed the amount in controversy, this Court may look to other recent decisions in similar cases for

guidance. *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995). In *Bolling v. Union National Life Insurance Company*, the court held that the amount in controversy requirement had been met even when the plaintiff had not specified a damage amount and where the defendant presented the court with numerous decisions from the Alabama courts in which the claimed tort action yielded liability of greater than $75,0000, despite the plaintiff having only slight out-of-pocket or actual damages. *Id., see also Jackson v. American Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1452 (S.D. Ala. 1997). Attached to this Notice of Removal as Exhibit "1" is a list of recently recorded verdicts in excess of $75,000.00 against insurers for tort claims. The attached list makes it clear that if Plaintiff prevails in this case, the claim for punitive damages alone will exceed the amount in controversy. Like many of the cases found in Exhibit 1, Plaintiff's tort claim is based on an underlying claim for benefits.

11. Professor George Priest of Yale Law School has conducted an "analysis of Alabama jury verdicts of punitive damages against out-of-state insurance companies." *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 1197, 1199 (M.D. Ala. 1999). In his analysis, Professor Priest "concluded that, even after *BMW v. Gore*, the average punitive damage award affirmed by the Alabama Supreme Court is $874,667." *Id.; see also Jackson v. American Bankers Ins. Co. of Fla.*, 976 F. Supp at 1452 (citing a similar earlier analysis by Professor Priest).

## POST-REMOVAL EVIDENCE

12. If any question arises as to the existence of the requisite amount in controversy, then Defendant requests the opportunity to submit post-removal evidence in

accordance with the procedure recently adopted by the Eleventh Circuit. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). In affirming the denial of the plaintiff's motion to remand, the Eleventh Circuit held that the district court properly considered the defendant's post-removal evidence including the defendant's request for admission directed to the amount in controversy. The Eleventh Circuit explained that, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in asserting removal jurisdiction." *Id.*

### THE ACTION

13. Attached hereto and marked as Exhibit "B" are true and correct copies of the original Summons, Complaint, Plaintiff's First Set of Interrogatories to Defendant Wal-Mart Stores, Inc., Plaintiff's First Set of Requests for Production of Documents to Defendant, and Plaintiff's Request to Defendant, for Admission of Fact, styled *Pamela Shirley Browning v. Wal-Mart Stores, Inc.*, which were filed on or about August 22, 2005 in the Circuit Court of Bibb County, Alabama, bearing Civil Action No. CV 05-129, and which constitute all pleadings and process served in that civil action.

14. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit court of Bibb County, Alabama.

### THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

15. Because this Notice of Removal is filed within 30 days of service of the Complaint upon the Defendant, it is timely under 28 U.S.C. § 1446(b).

16. Defendant has sought no similar relief with respect to this matter.

17. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

19. The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama.

20. If any question arises as to the propriety of the removal of this action, Wal-Mart Stores East, LP requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Wal-Mart Stores East, LP, desiring to remove this case to the United States District Court for the Northern District of Alabama, Western Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted this the 22nd day of September, 2005.

_____
Thomas S. Creel (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)
Glenn E. Ireland (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)
Attorneys for Defendant

CARR, ALLISON, PUGH, HOWARD,
  OLIVER & SISSON, P.C.
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the ____ day of September, 2005:

John E. Warren, III, Esq.
H. H. "Chip" Nation, IV, Esq.
P. O. Box 2992
Jasper, Alabama 35502

_____
Of Counsel