IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

PAMELA SHIRLEY BROWNING,    )
                            )
        PLAINTIFF,           )
                            )
V.                          )        CV-05-BE-2003-W
                            )
WAL-MART STORES, INC.,      )
                            )
        DEFENDANT.           )

## ANSWER

COMES NOW Defendant, Wal-Mart Stores East, LP (improperly identified in the Complaint as Wal-Mart Stores, Inc.), and files its Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant denies the material allegations in Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

Defendant denies that Plaintiff sustained permanent injuries as alleged in the Complaint as the result of an accident arising out of and in the course of employment with Defendant.

## FOURTH DEFENSE

Defendant alleges that some or all of Plaintiff's medical bills have been paid or are liable to be paid by some other health insurance provider.

## FIFTH DEFENSE

Defendant denies that it received the proper notice as required by the Alabama Workers' Compensation Act.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## SEVENTH DEFENSE

Defendant asserts that venue is improper.

## EIGHT DEFENSE

Plaintiff's claim is barred by the doctrines of collateral estoppel or judicial estoppel.

## NINTH DEFENSE

Defendant alleges that Plaintiff has or may collect benefits from a third-party tort feasor, and Defendant would be entitled to a setoff of any recovery so made.

## TENTH DEFENSE

Defendant denies that its conduct was outrageous.

## ELEVENTH DEFENSE

Defendant pleads that the Plaintiff was guilty of negligence that proximately caused or contributed to cause her alleged injuries and damages.

## TWELFTH DEFENSE

Defendant pleads that to the extent there was any risk associated with any activity in which Plaintiff was engaged at the time of the events made the basis of the Complaint, that Plaintiff assumed said risk.

## THIRTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## FOURTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## FIFTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## SIXTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

## SEVENTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

## EIGHTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the Self-Incrimination Clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY-SECOND DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-THIRD DEFENSE

Any award of punitive damages to Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has a substantial chilling effect on the exercise of fundamental rights to ordered liberty and of access to the Courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards

for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-FIFTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, because, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

## TWENTY-SIXTH DEFENSE

Defendant reserves the right to amend this Answer to assert additional defenses until all discovery has been completed.

_____
Thomas S. Creel (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)
Glenn E. Ireland (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)
Attorneys for Defendant

CARR, ALLISON, PUGH, HOWARD,
  OLIVER & SISSON, P.C.
100 Vestavia Parkway
Birmingham, Alabama  35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the ___22nd___ day of September, 2005:

John E. Warren, III, Esq.
H. H. "Chip" Nation, IV, Esq.
P. O. Box 2992
Jasper, Alabama 35502

_____
Of Counsel